IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

'

BEVERLY LYNCH

       Plaintiff,

                               **COURT FILE NO.:** 10-CV-2025 JWL/JPO

v.

NELSON WATSON & ASSOCIATES LLC,

       Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

### PARTIES

4. Plaintiff, Beverly Lynch, is a natural person who resides in the City of Overland Park, County of Johnson, State of Kansas.

5. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Nelson, Watson & Associates LLC, is a foreign corporation with a Kansas resident agent of National Registered Agents, Inc. of KS, 2101 S.W. 21st Street, Topeka, Kansas 66604.

7. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. The principal business of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

9. Sometime prior to the filing of the instant action, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), (hereinafter the "Account").

10. Allegedly, the Account was not paid and it went into default with the creditor.

11. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

## DEFENDANT

12. In the year prior to the filing of the instant action, Plaintiff received telephone calls from representatives, employees and/or agents of the Defendant who were attempting to collect the Account. These telephone calls each individually constituted a "communication" as defined by FDCPA § 1692a(2).

13. During the telephone calls representatives, employees and/or agents of the Defendant called Plaintiff a "fat slob, sitting on her big fat ass watching Oprah",

      continued to call Plaintiff after advised she was represented by an attorney, as well as continually causing her telephone to ring.

14. The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

15. The Defendant and its representatives, employees and/or agents above listed statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

16. The Defendant and its representatives, employees and/or agents above listed statements and actions constitute false or misleading representations and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(7) and e(10).

17. The Defendant and its representatives, employees and/or agents above listed statements and actions involve unfair practices, false statements, humiliation and insults in collecting a debt and therefore constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface and f(6)(C).

18. The Defendant's actions as well as that of its representatives, employees and/or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

19. The Defendant's actions as well as that of its representatives, employees and/or agents were willful, wanton and malicious violations of the FDCPA.

20. As a consequence of the Defendant's collection activities and

communications, the Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## RESPONDEAT SUPERIOR

21. The representatives and/or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

22. The actions of the representatives and/or collectors at the Defendant are imputed to their employer, the Defendant.

23. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

24. The previous paragraphs are incorporated into this Count as if set forth in full.

25. The acts and omissions of the Defendant and its representatives, employees and/or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), § 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10), § 1692f preface and f(6)(C).

26. The Defendant's violations are multiple, willful and intentional.

27. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages,

statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper

    Respectfully submitted,

    /s/ J. Mark Meinhardt
    J. Mark Meinhardt #20245
    4707 College Blvd., Suite 100
    Leawood, KS  66211
    913-451-9797
    Fax 913-451-6163

    ATTORNEY FOR PLAINTIFF

Address of the Plaintiff:
8101 Santa Fe Drive
Overland Park, KS  66204